G. H. KELLOGG, Appellant, v. J. D. CRIPPEN et al., Respondents.

No. 4046; December 26, 1864.

Appeal—Substantial Conflict of Evidence.—A Judgment Following a verdict found upon a substantial conflict of evidence will not be disturbed.

Witness—Competency.—The Interest of a Deputy Sheriff in the outcome of an action against the sheriff and his sureties is not such that he may not be a witness for the defendants on producing a release signed by the sheriff.

Appeal—Overruling Objections to Testimony.—An appeal from the overruling of an objection to testimony must show on what grounds the objection was based, whether the court ruled on it, and, if it did rule, that an exception was taken to the ruling.

APPEAL from Thirteenth Judicial District, Mariposa County.

Eugene Casserly for appellant; Merritt, Deering & McCullough for respondents.

SHAFTER, J.—This is an action brought on the official bond of defendant Crippen, given by him as sheriff of the county of Mariposa. The other defendants are his sureties. The breaches assigned are neglect on the part of Crippen to sell certain personal property, on an execution in his hands, which execution, as the complaint alleges, was issued upon a

judgment rendered in favor of one Knox against the Merced Falls Mining Company, and which judgment, on or about the 11th of February, 1862, came to the plaintiff by assignment from Knox; and making a false return upon the execution that he had on the 8th of February, 1862, three days before the assignment of the judgment to the plaintiff, sold the aforesaid personal property, at public outcry, to Knox, the original creditor on the execution. The complaint further avers that plaintiff notified Crippen on the 26th of February, 1862, that the judgment had been assigned to him. The alleged neglect to sell in pursuance of the plaintiff's instructions as assignee, as well as the alleged false return of Crippen that he had sold before the date of the assignment under which plaintiff claims, constitute the gravamen of this action.

The answer denies the alleged falsity of the return, and meets the charge of neglect to obey the plaintiff's instructions by an averment that before those instructions were given, and three days before the assignment of the judgment to plaintiff was made, he, Crippen, had in the regular discharge of his duty, sold the property at public vendue to Knox, the then owner of the judgment. The answer not only alleges that the property was struck off to Knox as the highest bidder, but also that the sale was consummated at the time by a delivery of the property to him, and that he subsequently exercised acts of ownership with respect to it. The trial was by jury, and the appeal is from the judgment and also from an order overruling plaintiff's motion for a new trial.

The issue as joined upon the record involves nothing, in effect, but the truth of the return, and the contest at the trial appears to have been confined to the following points of inquiry: First. Did Knox bid at the sale of February 8th as "Agent" or in his own name? Second. If he bid as "Agent," was not his bid in fact on his own behalf? Third. If he bid in his own name, or if bidding as "Agent" he in fact bid on his own behalf, was the sale consummated by a delivery? The foregoing is a statement of the points of which testimony was taken, though perhaps it would not be an entirely just analysis of the matters really involved in the issue as made in the pleadings. The three questions, however, to which the testimony was in fact directed, were pure questions of fact. The testimony as set forth in the statement was con-

flicting, and under the frequent and uniform decisions of the late supreme court, in the entire correctness of which this court has already in a number of instances had occasion to express its entire acquiescence, we cannot go behind the verdict of the jury.

On the trial, Davis, under sheriff, was called as a witness for the defense. The plaintiff objected to his competency on the ground of interest in the event of the suit. A release was produced, to which no objection was interposed by the plaintiff's counsel, except that it was signed by Crippen alone. Assuming that the objection to the competency of the witness was well taken, we have no doubt as to the power of Crippen to release him. There were no relations between the witness and the sureties on Crippen's bond. Davis was not a party to the action; he had not signed the bond as a cosurety; and if a judgment had been rendered against the defendants, and it had been paid by the sureties, their redress would have been confined to Crippen, to whose official obligations their own undertaking was collateral.

On the cross-examination of Davis, plaintiff's counsel drew from the witness a statement to the effect that he, the witness, subsequent to the sale on the 8th of February, had the property sold at that date in his possession by virtue of an execution issued in Goodman v. Knox et al. It would seem that immediately after this statement was made, the counsel of the defendants gave the judgment and execution in that case in evidence "under objection of plaintiff," and error is now assigned upon the introduction of those documents. The answers to this alleged error are multiplied and apparent. It does not appear that the ground of the objection was either stated or suggested. It does not appear that the court ruled on the objection. Assuming, however, that the court did rule upon it, it does not appear that any exception was taken to the ruling. It may be added that the plaintiff himself proved all the facts on cross-examination, to which he now objects as irrelevant. The documentary evidence put in by defendants was merely corroborative of the parol testimony previously adduced by the plaintiff.

Judgment affirmed.

We concur: Sawyer, J.; Sanderson, C. J.; Currey, J.; Rhodes, J.